IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jamie Grubbs, ) | |
| ) | Civil Action No.: 1:19-cv-02229-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Wal-Mart Stores, Inc., Wal-Mart Stores ) | |
| East, LP, and Wal-Mart Stores East, Inc., ) | |
| ) | |
| Defendants. ) | |

This is a products liability case involving an explosion of a portable gas can, which was manufactured by Blitz, U.S.A., a now bankrupt entity, and allegedly sold to Plaintiff Jamie Grubbs by Defendants Wal-Mart Stores, Inc., Wal-Mart Stores East, LP, and Wal-Mart Stores East, Inc.'s (collectively, "Defendant"). The matter before the court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 14) pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6). Based on the reasons set below, the court **GRANTS** Defendant's Motion to Dismiss (ECF No. 14).

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleges that on or about February 15, 2015, Plaintiff was in his backyard and "attempted to use fuel as an accelerant for a fire he was starting…when something in his burn barrel ignited the fumes from the gasoline causing a flashback explosion of the gas can and throwing burning gasoline onto the Plaintiff." (ECF No. 10 at 4.) As a result of the sudden explosion, Plaintiff suffered "severe personal injuries, including, but not limited to, severe burns, physical pain and impairment, [and] physical disfigurement…" (*Id*. at 6.)  Plaintiff brings a single cause of action against Defendant for breach of implied warranty of merchantability pursuant to the South Carolina

1

Commercial Code. S.C. Code Ann. §36-2-725 (West 2020).

On September 17, 2019, Plaintiff filed his Amended Complaint. (ECF No. 10.) Defendant filed its Motion to Dismiss on September 17, 2019. (ECF No. 14.) Plaintiff filed a Response to Defendant's Motion to Dismiss on October 15, 2019 and Defendant filed a Reply to the Response on October 22, 2019. (ECF Nos. 15, 16.) Defendant's Motion to Dismiss is ripe for adjudication.

## II. LEGAL STANDARD

### A.     Federal Rule of Civil Procedure 8(a)

The adequacy of pleadings is governed by Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint alleges "a short and plain statement of the claim showing that the pleader is entitled to relief." This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief"). Even though a plaintiff is not required to plead his claims with intricate detail, Rule 8 requires the plaintiff to provide "some specificity." *Twombly*, 550 U.S. at 558.

### B.     Motions to Dismiss Pursuant to Rule 12(b)(6)

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must

2

contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999); *Mylan Labs., Inc.*, 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. DISCUSSION

Defendant argues that Plaintiff fails to state a valid claim for breach of implied warranty of merchantability because he failed to establish two essential elements of his products liability claim. (ECF No. 14 at 1.) Specifically, Defendant's position is that Plaintiff's Complaint is (1) "devoid of any factual detail regarding *when* the gas can at issue was allegedly *sold* by Walmart" and (2) the Complaint "does not allege the gas can was unfit for its ordinary purpose, as opposed to the purpose for which Plaintiff used it—to accelerate a fire in a burn barrel." (*Id.*) [1]

The parties dispute the level of specificity, regarding the date of purchase, necessary to survive a motion to dismiss. Plaintiff asserts that his claim for breach of implied warranty of

---

[1] Because dismissal of the case is appropriate based upon Plaintiff's failure to allege sufficient facts regarding the timeframe of purchase of the gas can, the court will not address Defendant's other ground for dismissal at this time.

merchantability should not be dismissed because the Complaint's allegations satisfy the pleading requirements under Rule 8(a) of the Federal Rules of Civil Procedure. In this regard, Plaintiff asserts that he specifically pleaded facts establishing a timeframe of purchase by stating, in his Complaint, that "at a time prior to February 15, 2015, during the time period that Wal-Mart sold model No. 50833 gas cans at its Barnwell location, Defendant[] placed a portable plastic gas can for sale in the stream of commerce and sold the. . .gas can to Plaintiff through their retail location in Barnwell, South Carolina." (ECF No. 10 at 4 ¶ 12.) Further, Plaintiff's Complaint alleges, "the gas can…was defective and/or unreasonably dangerous when sold." (ECF No. 10 at 6 ¶ 28.) Plaintiff argues that until discovery has commenced, he cannot establish a specific and exact date on which the gas can was sold and asserts that he does not have to allege such exacting date at this time. (ECF No. 15 at 4.) Defendant, on the other hand, challenges the sufficiency of these allegations because "an element of Plaintiff's claim is that 'the product was in a defective condition at the time it left the hands of the particular seller and unless evidence can be produced which will support the conclusion that it was then defective, then the burden is not satisfied.'" (ECF No. 16 at 6) (citing *Branham v. Ford Motor Co*., 390 S.C. 203, 226 (2010)).

      To recover for breach of the implied warranty of merchantability, a plaintiff must prove (1) a merchant sold goods; (2) the goods were not "merchantable" at the time of sale; (3) the plaintiff or his property were injured by such goods; (4) the defect or other condition amounting to a breach of the implied warranty of merchantability proximately caused the injury; and (5) the plaintiff so injured gave timely notice to the seller. *Brunson v. La.-Pac. Corp*., 266 F.R.D. 112, 119 (D.S.C. 2010). The question here is whether Plaintiff has alleged sufficient facts supporting his claim. He has not.

      Plaintiff's Amended Complaint, as written, contains conclusory allegations that the product was sold "at a time prior to February 2015,"which could virtually be anytime in the last decade or

4

the last century. Moreover, Plaintiff's additional allegation limiting the time frame to "a time period when Wal-Mart sold model no. 50833 gas cans in its Barnwell location" is likewise conclusory because this parameter also lacks a concrete timeframe. *See In re Nexus 6P Prod. Liab. Litig.*, 293 F. Supp. 3d 888, 908 (N.D. Cal. 2018) ("At multiple points in the [complaint], Plaintiffs allege that 'Defendants knew (or exercising due diligence should have known) that the Phones were defective at the time of sale.' However, that statement is conclusory, and the [complaint] does not contain sufficient factual matter to make that inference plausible.")

Further, sister circuits have also ruled that a claim for breach of implied merchantability requires more concrete time allegations than the ones alleged by Plaintiff. For example, in *Wilson v. Hewlett-Packard Co.*, the Ninth Circuit Court of Appeals stated:

> Furthermore, courts have rejected undated customer complaints offered as a factual basis for a manufacturer's knowledge of a defect because they provide no indication whether the manufacturer was aware of the defect at the time of sale. *Baba v. Hewlett-Packard Co.*, C/A No. 09-05946 RS, 2010 U.S. Dist. LEXIS 59747, at *14 (N.D. Cal. June 16, 2010) (finding that none of the consumer complaints "include[d] any dates, and therefore shed no light on when HP knew of the alleged defects").
> . . .
> [I]n *Baba* the court found that the complaint failed because there were "no averments that HP knew of the alleged defects **at the time it sold the computers**." *Baba*, 2010 U.S. Dist. LEXIS 59747, at *14. The court noted, however, that instead of averring that HP was aware of the defect, the complaint stated that "HP is aware of the defect due to the numerous complaints it has received . . . ." *Id.* at *14-15. The court then concluded that the undated complaints did not indicate that HP was aware of the defect at the time of the sale. *Id.* at *15.

668 F.3d 1136, 1147 n.7 (9th Cir. 2012). (Emphasis added).

In the same way, Plaintiff here has failed to allege sufficient facts to support his claim for breach of implied merchantability by merely stating that Defendant knew of the defect "at the time of purchase" or knew of the defect "during the time period that [Defendant] sold the product." While, in theory, Defendant certainly *could possibly* have sold the subject gas can, Plaintiff's allegations have "not nudged [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at

5

569.

## IV. CONCLUSION

Plaintiff's failure to adequately allege specific facts to support the conclusion that the subject gas can was defective at the time it was sold is fatal to his breach of implied warranty of merchantability claim. Accordingly, the court **GRANTS** Defendants Wal-Mart Stores, Inc., Wal-Mart Stores East, LP, and Wal-Mart Stores East, Inc.'s Motion to Dismiss (ECF No. 14) with leave to amend the Complaint within thirty (30) days of the date of this Order.[2]

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 8, 2020
Columbia, South Carolina

---

[2] Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or with the court's leave." Moreover, a federal court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "This directive 'gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities.'" *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009) (quoting *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)).