IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Jamie Grubbs, | ) | |
| | ) | Civil Action No.: 1:19-cv-02229-JMC |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| Wal-Mart Stores, Inc., Wal-Mart Stores | ) | |
| East, LP, and Wal-Mart Stores East, Inc., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendants Wal-Mart Stores, Inc.'s, Wal-Mart Stores East, LP's, and Wal-Mart Stores East, Inc.'s (collectively, "Defendants") Motion to Dismiss (ECF No. 30) pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the court **DENIES** Defendants' Motion to Dismiss (*Id.*).

## I.    RELEVANT BACKGROUND

This is a products liability action concerning an allegedly defective gas can. Plaintiff Jamie Grubbs ("Plaintiff") maintains that he purchased a portable plastic gas can manufactured by Blitz U.S.A., Inc. at the Wal-Mart location in Barnwell, South Carolina in 2004 or shortly thereafter. (ECF No. 26 at 4 ¶¶ 12, 13.) He claims that on or about February 15, 2015, he attempted to use fuel as an accelerant to build a fire in his backyard, his burn barrel ignited the fumes from the gasoline, and a flashback explosion of the gas can occurred, causing him to suffer "severe burns." (*Id.* ¶ 14, at 6 ¶ 27.)

Plaintiff asserts that the gas can was defective because it was not equipped with a "flame arrestor." (*Id.* at 5-6 ¶ 25.) A flame arrestor is "a small metal device that is placed in a container's

openings and allows liquids to flow out of the container but prevents the flashback of flames back into the container." (*Id.* at 7 ¶ 35.) Plaintiff contends that a "flash back explosion of a gas can occurs when gasoline vapors outside the gas can ignite and the flame flashes back into the vapor trail inside the container, causing an internal, combustion of the gasoline, a rupture of the can and the spraying of ignited gasoline on the victim." (*Id.* at 4 ¶ 17.)

On August 8, 2019, Plaintiff filed his initial Complaint, alleging a single cause of action for breach of the implied warranty of merchantability under S.C. Code Ann. § 36-2-314 (2020) against Defendants. (ECF No. 1.) After Defendants filed their first Motion to Dismiss (ECF No. 8) on September 9, 2019, Plaintiff filed his First Amended Complaint (ECF No. 10) on September 17, 2019.

Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 14) pursuant to Rule 12(b)(6) on September 30, 2019. They argued that Plaintiff's First Amended Complaint should be dismissed because it is "devoid of any factual detail regarding when the gas can at issue was allegedly sold by Walmart" and "does not allege the gas can was unfit for its ordinary purpose[.]" (ECF No. 14 at 1.) The court granted Defendant's Motion to Dismiss Plaintiff's First Amended Complaint with leave to amend on July 8, 2020, finding that the First Amended Complaint failed to sufficiently allege when the gas can was sold and whether Defendants knew of the defect at the time of sale. (ECF No. 23 at 4-6.)

Plaintiff subsequently filed his Second Amended Complaint (ECF No. 26) on July 22, 2020. In response, Defendants filed the instant Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 30) pursuant to Rule 12(b)(6) on August 19, 2020.

Plaintiff filed a Response (ECF No. 32) on September 2, 2020 and Defendants filed a Reply (ECF No. 33) on September 9, 2020. Plaintiff then filed a Sur Reply (ECF No. 34) on October 15, 2020 to which Defendants filed a Reply (ECF No. 35).

## II.    LEGAL STANDARD

A. <u>Motion to Dismiss for Failure to State a Claim</u>

A motion to dismiss pursuant to Rule 12(b)(6) "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "In considering a 12(b)(6) challenge to the sufficiency of a complaint, this Rule must be applied in conjunction with the liberal pleading standard set forth in Federal Rule of Civil Procedure 8(a)." *Jenkins v. Fed. Bureau of Prisons*, C/A No. 3:10-1968-CMC-JRM, 2011 WL 4482074, at *2 (D.S.C. Sept. 26, 2011). Under Rule 8(a), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). When considering a Rule 12(b)(6) motion, the court should accept all well-pled allegations as true and view the complaint in the light most favorable to the plaintiff. *See e.g.*, *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

B.  Implied Warranty of Merchantability

To state a claim for breach of the implied warranty of merchantability, a plaintiff must show that (1) a merchant sold goods; (2) the goods were not "merchantable" at the time of sale; (3) the plaintiff or his property were injured by such goods; (4) the defect or other condition amounting to a breach of the implied warranty of merchantability proximately caused the injury; and (5) the plaintiff so injured gave timely notice to the seller.  *Brunson v. La.-Pac. Corp.*, 266 F.R.D. 112, 119 (D.S.C. 2010).

## III.     ANALYSIS

Defendants claim that Plaintiff's Second Amended Complaint has three defects.  (ECF No. 30.)  First, Defendants contend that the Second Amended Complaint fails to allege that the gas can was unfit for its ordinary purpose.  (*Id.* at 1.)  Second, they maintain that the Second Amended Complaint does not allege a breach of the implied warranty of merchantability under South Carolina law because "Walmart could not have impliedly warranted that the gas can was safe to pour gasoline to accelerate a fire when the gas can itself expressly warned that the gas can was not safe for that use[.]"  (*Id.*)  Third, Defendants assert that they could not have impliedly warranted that the gas can was safe to pour gasoline to accelerate a fire when it is "common knowledge" that such a use is dangerous.  (*Id.* at 2.)

A.  Ordinary Purpose

Section 36-2-314 provides that goods are "merchantable" if they are "fit for the ordinary purposes for which such goods are used[.]"  Defendants maintain that the ordinary purpose of a gas can is the storage of gasoline and contend that Plaintiff has not alleged that the gas can was unfit for such purpose.  (ECF No. 30-1 at 10.)  Plaintiff counters that a product can have multiple ordinary purposes under § 36-2-314 because the statute refers to "ordinary purposes."  (ECF No.

32 at 7.)  He asserts that the Second Amended Complaint sufficiently suggests that pouring gasoline to start a fire is another ordinary purpose of a gas can and that the gas can at issue was not suited for such purpose.  (*Id.* at 9.)

Section 36-2-314 explicitly contemplates that goods may have multiple "ordinary purposes."  Comment 2 to S.C. Code Ann. § 36-2-315 (2020) provides that "the ordinary purposes for which goods are used are those envisaged in the concept of merchantability and go to uses which are customarily made of the goods in question."  As a result, ascertaining the ordinary purposes of a product is a factual inquiry unsuited for determination on the pleadings.  *See Gomez v. Harbor Freight Tools USA, Inc.*, 383 F. Supp. 3d 1376, 1382 (M.D. Ga. 2019) (considering "evidence" of design and intended use to determine the ordinary purpose of a gas can); *Thomas v. Ford Motor Co.*, No. 5:13-01417-JM, 2014 WL 1315014, at *4 (D.S.C. Mar. 31, 2014) (expressing "reluctan[ce]" to dismiss an implied warranty of merchantability claim at the motion to dismiss "stage" when ordinary purpose was in controversy).

Here, it is possible that Defendants' proposed ordinary purpose may ultimately prove correct and that Plaintiff's proposed ordinary purpose may prove incorrect.  However, after accepting all well-pled allegations in Plaintiff's Second Amended Complaint as true and drawing all reasonable factual inferences from those facts in Plaintiff's favor, the court finds that Plaintiff has adequately alleged that the gas can was not "merchantable" at the time of sale.  The Second Amended Complaint suggests that pouring gasoline to start a fire is an ordinary purpose of a gas can by alleging that customers routinely use gas cans to pour gasoline to start fires.  (ECF No. 26 at 5.)  It cites market research from the prior year showing that 19% of customers surveyed reported using gasoline to start or accelerate a fire as well as focus groups where "[n]early all men, and many of the women, said they use gasoline to start fires."  (*Id.*)  In addition, it alleges that "Wal-

Mart knows that gas cans are ordinarily used to store and pour gasoline including on potential ignition sources due to Wal-Mart being a routine Defendant in exploding gas can cases." (*Id.*) The Second Amended Complaint further alleges that the gas can at issue was not fit for this ordinary purpose because a gas can without a flame arrestor is susceptible to flashback and other manufacturers included flame arrestors in their gas cans. (*Id.* at 5-6.)

B. Warnings

The South Carolina General Assembly incorporated "[c]omments to Section 402A of the Restatement of Torts, Second" into South Carolina's products liability statute as evidence of "legislative intent[.]" S.C. Ann. § 15-73-30 (2020). Comment j to the Restatement (Second) of Torts § 402A states "[w]here warning is given, the seller may reasonably assume that it will be read and heeded; and a product bearing such a warning, which is safe for use if it is followed, is not in defective condition, nor is it unreasonably dangerous." Comment j has been understood to shield a manufacturer from liability for product defects if the product contains an adequate warning. *See Hickerson v. Yamaha Motor Corp.*, 882 F.3d 476, 484 (4th Cir. 2018); *Allen v. Long Mfg. NC*, Inc., 332 S.C. 422, 427 (S.C. Ct. App. 1998) ("If a warning is given which, if followed, makes the product safe for use, the product cannot be deemed defective or unreasonably dangerous" under comment j); *Anderson v. Green Bull, Inc.*, 322 S.C. 268, 471 (S.C. Ct. App. 1996) (citing comment j for the proposition that a "product bearing a warning that the product is safe for use if the user follows the warning is neither defective nor unreasonably dangerous; therefore, the seller is not liable for any injuries caused by the use of the product if the user ignores the warning.").

Plaintiff claims that comment j does not apply to this case, asserting that the South Carolina Supreme Court adopted the Restatement (Third) of Torts in *Branham v. Ford Motor Co.*, 390 S.C.

203, 220 (S.C. 2010).  (ECF No. 34.)  However, the court finds that the Restatement (Second) of Torts and its comments continue to apply to implied warranty of merchantability claims in South Carolina.  *Branham* did not concern an implied warranty claim, address the adequacy of warnings, or even mention comment j.  Instead, it concerned a strict liability claim and the proper test for determining whether a product is defective.  *Branham*,  390 S.C. at 220.  In adopting the risk-utility test embraced by the Restatement (Third) of Torts, the South Carolina Supreme Court only noted that the Restatement (Third) of Torts "effectively moved away from the consumer expectations test for design defects, and towards a risk-utility test. We believe the Legislature's foresight in looking to the American Law Institute for guidance in this area is instructive." *Id.*  It did not overrule the incorporation of the Restatement (Second) of Torts into South Carolina's product liability statute.  As demonstrated by *Lawing v. Univar, USA, Inc.*, 415 S.C. 209 (S.C. 2015), the Supreme Court of South Carolina continues to apply the Restatement (Second) of Torts and its comments to products liability claims, including implied warranty of merchantability claims.  In *Lawing*, the South Carolina Supreme Court considered the Restatement (Second) of Torts and its comments in determining the meaning of "user" under S.C. Ann. § 15-73-10.

Given that comment j applies, the gas can at issue would not be defective if it contains adequate warnings.  The Second Amended Complaint contains a picture of the warnings on one side of the gas can that state:

GASOLINE
DANGER
EXTREMELY FLAMMABLE
VAPORS CAN EXPLODE
HARMFUL OR FATAL IF SWALLOWED
KEEP OUT OF REACH
OR USE BY CHILDREN

(ECF No. 26 at 2.)  The court takes judicial notice of the warnings on the other side of the gas can[1]

that state:

> GASOLINE
> DANGER
> EXTREMELY FLAMMABLE
> VAPORS CAN EXPLODE
> HARMFUL OR FATAL IF SWALLOWED
> IF SWALLOWED, DO NOT INDUCE VOMITING. CALL PHYSICIAN
> IMMEDIATELY. KEEP OUT OF REACH OF CHILDREN. AVOID
> PROLONGED BREATHING OF VAPORS. DO NOT SIPHON BY MOUTH.
> DO NOT STORE IN VEHICLE OR LIVING SPACE. STORE AND USE IN
> WELL-VENTILATED AREA. VAPORS CAN BE IGNITED BY A SPARK
> OR FLAME SOURCE MANY FEET AWAY. KEEP AWAY FROM
> FLAME, PILOT LIGHT, STOVES, HEATERS, ELECTRIC MOTORS,
> AND OTHER SOURCES OF IGNITION. KEEP CONTAINER CLOSED.
> PLACE CONTAINER ON GROUND WHEN FILLING.

(ECF No. 30-1 at 15.)

Defendants assert that "Plaintiff's claim that the Court should imply a warranty that the gas

can was safe for accelerating fires is negated by the product's express warning" that "vapors can

explode" and to keep away from "sources of ignition." (ECF No. 30-1 at 14, 15.)  In contrast,

Plaintiff contends that "proper analysis of whether the Defendant has 'cured' a design defect with

a warning should be done on summary judgment."  (ECF No. 26 at 14.)  He claims that an

---

[1] "[A] court may rely on extrinsic materials to determine a motion to dismiss without converting the proceeding into a motion for summary judgment." *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015).  A court may consider "official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x. 395, 396-97 (4th Cir. 2006) (citing *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) (permitting consideration of extraneous material if such materials are "integral to and explicitly relied on in the complaint")).  Here, the gas can is referred to in the Second Amended Complaint and a picture of one side of the gas can is contained in the Second Amended Complaint.  At the Motion Hearing on January 7, 2021, Plaintiff also admitted that the warnings on the other side of the gas can are accurate.  (ECF No. 26.)  Thus, the court finds that the warnings on the other side of the gas can are sufficiently referred to in the Second Amended Complaint and that their authenticity is undisputed.

inadequate warning is not an affirmative pleading obligation for a cause of action pursuant to §

36-2-314. (*Id.* at 11.) Moreover, he asserts that "the use of the gas can at issue here to pour fuel

as an accelerant to start a fire is not specifically prohibited by the warning on the gas can" because

the warning does not "specifically instruct the user to refrain from pouring gasoline as an

accelerant on ignition sources." (ECF No. 32 at 14.)

An inadequate warning is not an element of an implied warranty of merchantability claim

under South Carolina law. Accordingly, Plaintiff has no obligation to plead the inadequacy of the

warning on the gas can. Instead, the adequacy of the warning is appropriate for determination on

summary judgment. "The adequacy of a warning is a jury question that will survive summary

judgment if a plaintiff presents some evidence of inadequacy." *Whaley v. BMW of N. Am., LLC*,

No. 2:04-CV-22443-PMD, 2005 WL 8162794, at *5 (D.S.C. Dec. 8, 2005) (citing *Allen*, 332 S.C.

at 428 ("Once it is established that a product must display a warning to be safe, the question of the

adequacy of the warning is one of fact for the jury as long as evidence has been presented that the

warning was inadequate.")). Thus, a plaintiff is required to present *evidence* of inadequacy, not

*allegations* of inadequacy. Therefore, the effect of the gas can's warnings is better suited for

consideration on summary judgment and Plaintiff's Second Amended Complaint will not be

dismissed for failure to plead inadequacy of the warning.

C. Common Knowledge

Defendants assert that Plaintiff's implied warranty claim fails because the dangers of using

gasoline around fire are "common knowledge." (ECF No. 30-1 at 19.) In support of their

argument, Defendants cite *Anderson* and *Young v. Tide Craft, Inc.*, 270 S.C. 453 (S.C. 1978). Both

cases are inapplicable to the instant case.

Unlike the instant implied warranty of merchantability claim before the court on a motion to dismiss, *Anderson* concerned the appeal of a directed verdict and judgment notwithstanding the verdict on a strict liability claim. 322 S.C. at 269. Defendants correctly note in their Motion to Dismiss that the South Carolina Court of Appeals reversed the trial court's decision to deny the defendant's motions for directed verdict and judgment notwithstanding the verdict because "[a]ny person of normal intelligence" would know the risk posed by placing an aluminum ladder in close proximity to an energized high-voltage line. *Id.* at 271. However, Defendants fail to note that the Court of Appeals reached this decision because "there was no evidence from which the jury could reasonably infer the ladder was either defective or unreasonably dangerous[.]" *Id.* at 272. The South Carolina Court of Appeals did not reject the plaintiff's strict liability claim on the pleadings on the basis that the danger at issue was common knowledge. Instead, it reached such a conclusion after evaluating the evidence presented to the jury. As there are currently allegations, not evidence, before the court, the court declines to apply *Anderson* at the present juncture.

*Young* is similarly inapplicable to the present circumstances. In *Young*, the South Carolina Supreme Court considered an appeal of a jury verdict on negligence, strict liability, and breach of warranty claims and concluded that the failure to install a "kill switch" on a boat did not warrant recovery under strict liability. 270 S.C. at 461, 471. It noted that to "warrant recovery under the strict liability in tort theory, the absence of the kill switch must constitute a defect 'unreasonably dangerous to the user or consumer[.]'" *Id.* at 471. The court then stated that a defect is "unreasonably dangerous to the user or consumer" if it is "dangerous to an extent beyond that which would be contemplated by the ordinary customer who purchases it, with the ordinary knowledge common to the community as to its characteristics[.]" *Id.* In applying this test for strict liability, the court found that it is "common knowledge that a normal risk of boating is that of being

thrown overboard." *Id.*  But "[s]ince the main thrust of the parties' argument [were] directed to the strict liability theory[,]" the court saw "no need to discuss in detail the theories of negligence and implied warranty[.]" *Id.* at 472.  Instead, the court found that "[g]iven the facts of this case, … the failure to install a kill switch does not constitute a breach of any implied warranty[.]" *Id.*

Accordingly, the South Carolina Supreme Court's decision that the failure to install a kill switch did not warrant recovery under a theory of strict liability was driven by the court's conclusion that it is "common knowledge that a normal risk of boating is that of being thrown overboard." *Id.* at 471.  However, the court's decision that the failure to install a kill switch did not constitute "a breach of any implied warranty" was not a result of the court's perception of the community's common knowledge. *Id.* at 472.  Rather, the court's implied warranty decision was a result of the court's conclusion that the facts of the case, as determined at trial, did not support an implied warranty claim.  As the court's common knowledge determination drove its strict liability decision and the court rejected the implied warranty claim based on the facts established at trial, *Young* is inapplicable to the current motion before the court.

Given that the cases Defendants cite are inapplicable to the present motion before the court, the court finds that this ground does not support dismissal of Plaintiff's Second Amended Complaint.

## IV.    CONCLUSION

For the foregoing reasons, the court **DENIES** Defendants' Motion to Dismiss (ECF No. 30).  Defendants shall file an Answer to Plaintiff's Second Amended Complaint by February 2, 2021. *See* Fed. R. Civ. P. 12(a)(4).

**IT IS SO ORDERED.**

United States District Judge

January 19, 2021
Columbia, South Carolina